

FILED
CLERK, U.S. DISTRICT COURT

7/27/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____JB_____ DEPUTY

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KATHY YU (Cal. Bar No. 268210)
Assistant United States Attorneys
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2431
    E-mail:   kathy.yu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No.    2:21-cr-00340-DSF |
|---|---|
|        Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BILLY EDWARD FREDERICK |
|        v. | |
| BILLY EDWARD FREDERICK,<br>  aka "A4SBILL@GMAIL.COM," and<br>    "BILLME@GMAIL.COM" | |
|        Defendant. | |

1.   This constitutes the plea agreement between BILLY EDWARD
FREDERICK ("defendant") and the United States Attorney's Office for
the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authority.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

    a.   Gives up the right to indictment by a grand jury and,
at the earliest opportunity requested by the USAO and provided by the

1  Court, appear and plead guilty to a two-count Information, in the
2  form attached to this agreement as Exhibit A or a substantially
3  similar form, which charges defendant with one count of production of
4  child pornography for transportation into the United States, in
5  violation of Title 18, United States Code, Section 2251(c), and one
6  count of enticement of a minor to engage in criminal sexual activity,
7  in violation of Title 18, United States Code, Section 2422(b).

8      b.   Not contest facts agreed to in this agreement.

9      c.   Abide by all agreements regarding sentencing contained
10  in this agreement.

11      d.   Appear for all court appearances, surrender as ordered
12  for service of sentence, obey all conditions of any bond, and obey
13  any other ongoing court order in this matter.

14      e.   Not commit any crime; however, offenses that would be
15  excluded for sentencing purposes under United States Sentencing
16  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
17  within the scope of this agreement.

18      f.   Be truthful at all times with the United States
19  Probation and Pretrial Services Office and the Court.

20      g.   Pay the applicable special assessment at or before the
21  time of sentencing unless defendant has demonstrated a lack of
22  ability to pay such assessment.

23      h.   Authorize the USAO to obtain a credit report
24  immediately upon defendant's entry of a guilty plea.

25      i.   Consent to the USAO inspecting and copying all of
26  defendant's financial documents and financial information held by the
27  United States Probation and Pretrial Services Office.

28

j.   Agree to and not oppose the imposition of a term of supervised release of no less than 20 years (with the government reserving the right to seek a higher term of supervised release up to the statutory maximum of life) under the following conditions of probation or supervised release:

i.   Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.   Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's

3

1  psychological/psychiatric disorder(s) to the aftercare contractor

2  during the period of community supervision, pursuant to 18 U.S.C.

3  § 3672.  Defendant shall provide payment and proof of payment as

4  directed by the Probation Officer.

5           iv.  Defendant shall not view or possess any

6  materials, including pictures, photographs, books, writings,

7  drawings, videos, or video games, depicting and/or describing child

8  pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit

9  conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The

10  defendant shall not possess or view any materials such as videos,

11  magazines, photographs, computer images or other matter that depicts

12  "actual sexually explicit conduct" involving adults as defined by 18

13  U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from

14  possessing materials solely because they are necessary to, and used

15  for, a collateral attack, nor does it prohibit defendant from

16  possessing materials prepared and used for the purposes of

17  defendant's Court-mandated sex offender treatment, when defendant's

18  treatment provider or the probation officer has approved of

19  defendant's possession of the materials in advance.

20           v.  Defendant shall not associate or have verbal,

21  written, telephonic, or electronic communication with any person

22  under the age of 18, except: (a) in the presence of the parent or

23  legal guardian of said minor; and (b) on the condition that defendant

24  notifies said parent or legal guardian of defendant's conviction in

25  the instant offense/prior offense.  This provision does not encompass

26  persons under the age of 18, such as waiters, cashiers, ticket

27  vendors, etc., with whom defendant must interact in order to obtain

28  ordinary and usual commercial services.

vi.   Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

x.   Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xi.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the

address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xii. Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.   Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay

the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

k.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

3.   Defendant further agrees:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the digital devices used to facilitate the offenses.

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the assets.

c.   That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the

forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

j.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

k.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by

the Court to advise defendant of this, pursuant to Federal Rule of
Criminal Procedure 11(b)(1)(J), at the time the Court accepts
defendant's guilty plea.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained
in this agreement.

c.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of
the crime charged in count one, that is, production of child
pornography for transportation into the United States, in violation
of Title 18, United States Code, Section 2251(c), the following must
be true: (1) at the time of the offense, the victim was under the age
of 18 years; (2) defendant employed, used, persuaded, induced,
enticed, or coerced the victim to engage in sexually explicit conduct
or assist any other person to engage in sexually explicit conduct
outside of the United States, its territories, or possessions, for
the purpose of producing a visual depiction of such conduct; and
(3) defendant either intended that the visual depiction be mailed or
transported into the United States, its territories, or possessions
by any means, including by using any means or facility of interstate

or foreign commerce or mail, or actually mailed or transported the visual depictions into the United States, its territories, or possessions by any means, including by using any means or facility of interstate or foreign commerce or mail.

6.   Defendant understands that for defendant to be guilty of the crime charged in count two, that is, enticement of a minor to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2422(b), the following must be true: (1) defendant used a means or facility of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce an individual to engage in any sexual activity for which someone could be charged with a criminal offense and (2) the individual the defendant persuaded, induced, enticed or coerced was under the age of 18 years.

<u>PENALTIES AND RESTITUTION</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(c) is: 30 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(c) is: 15 years' imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States

Code, Section 2422(b), is:  lifetime imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2422(b), is:  10 years' imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

11.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: lifetime period imprisonment; a lifetime period of supervised release, a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

12.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

13.   Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the

11

following for any losses suffered by that victim as a result of:  any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty, in particular, conduct involving other victims.  The restitution amount is estimated to be $750,000, but the parties recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing, in particular, the government's ongoing investigation.

14.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

15.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

16.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

17.  Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his conviction on his immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

1

<u>FACTUAL BASIS</u>

2    18.   Defendant admits that defendant is, in fact, guilty of the

3    offense to which defendant is agreeing to plead guilty.  Defendant

4    and the USAO agree to the statement of facts provided below and agree

5    that this statement of facts is sufficient to support a plea of

6    guilty to the charge described in this agreement and to establish the

7    Sentencing Guidelines factors set forth in paragraph 19 below but is

8    not meant to be a complete recitation of all facts relevant to the

9    underlying criminal conduct or all facts known to either party that

10   relate to that conduct.

11       From a date unknown and continuing through at least July 2020,

12   defendant employed, used, persuaded, induced, enticed, and coerced

13   various victims in the Philippines – all under 18 years old – to

14   engage in sexually explicit conduct outside of the United States for

15   the purpose of producing a visual depiction of such conduct, and

16   intending that the visual depiction would be transported to him in

17   the United States.  During this time period, defendant also used the

18   Internet, Google Hangouts, and Google Chats, to knowingly persuade,

19   induce, entice, and coerce, using undue influence, these victims in

20   the Philippines – all under 18 years old – to engage in any sexual

21   activity for which someone could be charged with an offense,

22   including Oral Copulation with a Minor, a violation of California

23   Penal Code Section 287(b)(1); and Sodomy with a Minor, a violation of

24   California Penal Code Section 286(b)(1).

25       For example, beginning on a date unknown and continuing to at

26   least July 2020, defendant paid Victim #1 for child sex abuse

27   material.  On or about July 9, 2020, Victim #1 asked to borrow "2000

28   pls [please]," so that he could buy "boxer short and brief," to which

defendant instructed him, "[d]ont wear underwear."  Within an hour of the initiation of that conversation, defendant told Victim #1, "[s]how me your underwear."  Thereafter, Victim #1 sent various images to defendant, including the following: (1) an image depicting Victim #1 naked, kneeling on the bed with prayer-like hands near his mouth (as if begging for money) with his penis exposed (except for the tip); (2) an image depicting Victim #1's erect penis; and (3) an image depicting Victim #1's belly button and penis.  In response, defendant told Victim #1 that Victim #1 "ha[s] a big dick now" and "it's grown so much in a few years."

During this same time period, defendant, using the Internet, Google Hangouts, and Google Chats, also knowingly persuaded, induced, enticed, and coerced Victim #1 (who was located in the Philippines) to engage in oral copulation with other minors, and sodomy with other minors.  For example, on or about April 27, 2018, in response to Victim #1 saying he needed money for a summer sports clinic, defendant said, "I want to watch you get fucked again," and "[y]ou need dick in your butt and mouth again."  In response, on or about May 5, 2018, Victim #1 apologized for the quality of child sex abuse videos he had created for defendant according to defendant's instructions, saying "[a]bout the videos master sorry if i cant take in all the dick of my brother its very huge only the head is very hurt to my asshole."

Defendant continued to persuade, induce, entice, and coerce Victim #1, such as by telling him: on or about June 7, 2018, "I like watching guys fuck your ass, so just seeing your little dick when blurry may not be so exciting?" and "I like your little dick even though you cut it"; on or about November 8, 2019, "you should fuck

your brothers"; on or about February 28, 2019, "I like your little butt.  I wish I could fuck it," "next time you ned money, you have to fuck," and "I would pay to cum in your butthole."

At a minimum, and based on the ongoing investigation to date, defendant admits he produced over 5,000 images and videos of child pornography of at least 35 different children by requesting these children engage in specified sexually explicit activity in exchange for money.  Some of the videos and images depicted minor victims under the age of 12 being used for sexual acts.

SENTENCING FACTORS

19.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

20.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

//

//

| Count One | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) |
| Minor Under 12 | +4 | U.S.S.G. § 2G2.1(b)(1) |
| Sexual Act/Contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Use of Computer or Interactive Computer Service | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |

| Count Two | | |
|---|---|---|
| Base Offense Level: | 28 | U.S.S.G. § 2G1.3(a)(3) |
| Undue Influence | +2 | U.S.S.G. § 2G1.3(b)(2) |
| Use of Computer or Interactive Computer Service | +2 | U.S.S.G. § 2G1.3(b)(3) |
| Sexual Act/Contact | +2 | U.S.S.G. § 2G1.3(b)(4) |
| Minor Under 12 | +8 | U.S.S.G. § 2G1.3(b)(5) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics (including but not limited to that the offense involved distribution, sadistic or masochistic conduct, violence, and/or toddlers), adjustments, and departures under the Sentencing Guidelines are appropriate.

21.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

22.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

23.   Defendant understands that by pleading guilty, defendant gives up the following rights:

17

1          a.   The right to persist in a plea of not guilty.

2          b.   The right to a speedy and public trial by jury.

3          c.   The right to be represented by counsel -- and if

4    necessary have the Court appoint counsel -- at trial.  Defendant

5    understands, however, that, defendant retains the right to be

6    represented by counsel -- and if necessary have the Court appoint

7    counsel -- at every other stage of the proceeding.

8          d.   The right to be presumed innocent and to have the

9    burden of proof placed on the government to prove defendant guilty

10   beyond a reasonable doubt.

11         e.   The right to confront and cross-examine witnesses

12   against defendant.

13         f.   The right to testify and to present evidence in

14   opposition to the charges, including the right to compel the

15   attendance of witnesses to testify.

16         g.   The right not to be compelled to testify, and, if

17   defendant chose not to testify or present evidence, to have that

18   choice not be used against defendant.

19         h.   Any and all rights to pursue any affirmative defenses,

20   Fourth Amendment or Fifth Amendment claims, and other pretrial

21   motions that have been filed or could be filed.

22                 WAIVER OF RETURN OF DIGITAL DATA

23     24.  Understanding that the government has in its possession

24   digital devices and/or digital media seized from defendant, defendant

25   waives any right to the return of digital data contained on those

26   digital devices and/or digital media and agrees that if any of these

27   digital devices and/or digital media are returned to defendant, the

28

                                            18

1  government may delete all digital data from those digital devices

2  and/or digital media before they are returned to defendant.

3  <u>WAIVER OF APPEAL OF CONVICTION</u>

4       25.  Defendant understands that, with the exception of an appeal

5  based on a claim that defendant's guilty plea was involuntary, by

6  pleading guilty defendant is waiving and giving up any right to

7  appeal defendant's conviction on the offense to which defendant is

8  pleading guilty.  Defendant understands that this waiver includes,

9  but is not limited to, arguments that the statute to which defendant

10 is pleading guilty is unconstitutional, and any and all claims that

11 the statement of facts provided herein is insufficient to support

12 defendant's plea of guilty.

13 <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

14      26.  Defendant gives up the right to appeal all of the

15 following: (a) the procedures and calculations used to determine and

16 impose any portion of the sentence; (b) the term of imprisonment

17 imposed by the Court, provided it is no more than the high-end of the

18 Sentencing Guidelines range calculated by the Court; (c) the fine

19 imposed by the Court, provided it is within the statutory maximum;

20 (d) to the extent permitted by law, the constitutionality or legality

21 of defendant's sentence, provided it is within the statutory maximum;

22 (e) the amount and terms of any restitution order, provided it

23 requires payment of no more than $750,000; (f) the term of probation

24 or supervised release imposed by the Court, provided it is within the

25 statutory maximum; and (g) any of the following conditions of

26 probation or supervised release imposed by the Court: the conditions

27 set forth in Amended General Order 20-04 of this Court; the drug

28 testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d);

1  the alcohol and drug use conditions authorized by 18 U.S.C.

2  § 3563(b)(7); and any conditions of probation or supervised release

3  agreed to by defendant in paragraph 2 above.

4       27.  Defendant also gives up any right to bring a post-

5  conviction collateral attack on the conviction or sentence, including

6  any order of restitution, except a post-conviction collateral attack

7  based on a claim of ineffective assistance of counsel, a claim of

8  newly discovered evidence, or an explicitly retroactive change in the

9  applicable Sentencing Guidelines, sentencing statutes, or statutes of

10  conviction.  Defendant understands that this waiver includes, but is

11  not limited to, arguments that the statute to which defendant is

12  pleading guilty is unconstitutional, and any and all claims that the

13  statement of facts provided herein is insufficient to support

14  defendant's plea of guilty.

15       28.  The USAO agrees that, provided all portions of the sentence

16  are at or above the statutory minimum and at or below the statutory

17  maximum specified above, the USAO gives up its right to appeal any

18  portion of the sentence, with the exception that the USAO reserves

19  the right to appeal the following: the amount of restitution ordered

20  if that amount is less than $750,000.

21                 RESULT OF WITHDRAWAL OF GUILTY PLEA

22       29.  Defendant agrees that if, after entering a guilty plea

23  pursuant to this agreement, defendant seeks to withdraw and succeeds

24  in withdrawing defendant's guilty plea on any basis other than a

25  claim and finding that entry into this plea agreement was

26  involuntary, then the USAO will be relieved of all of its obligations

27  under this agreement.

28               RESULT OF VACATUR, REVERSAL OR SET-ASIDE

30.   Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.   Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

31.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

32.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

33.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

34.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 19 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

35.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

## NO ADDITIONAL AGREEMENTS

36.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

37.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney


KATHY YU                                          July 23, 2021
Assistant United States Attorney                  Date


BILLY EDWARD FREDERICK                            7-22-2021
Defendant                                         Date


KARINE BASMADJIAN                                 07/22/2021
Attorney for Defendant BILLY EDWARD               Date
FREDERICK

23

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Billy Amfrly_____     _7-22-2021_____
BILLY EDWARD FREDERICK             Date
Defendant

24

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2      I am BILLY EDWARD FREDERICK's attorney.  I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17 KARINE BASMADJIAN                              Date
   Attorney for Defendant BILLY EDWARD
18 FREDERICK

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>BILLY EDWARD FREDERICK,<br>    aka "a4sbill@gmail.com,"<br>    aka "billme@gmail.com,"<br><br>      Defendant. | CR No.<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 2251(c): Production of Child Pornography for Transportation Into the United States; 18 U.S.C. § 2422(b): Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. § 2253 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

18     The Acting United States Attorney charges:

19                       COUNT ONE

20                [18 U.S.C. § 2251(c)]

21     On or about July 9, 2020, in Los Angeles County, within the

22 Central District of California, and the Philippines, defendant BILLY

23 EDWARD FREDERICK also known as ("aka") "a4sbill@gmail.com," aka

24 "billme@gmail.com," employed, used, persuaded, induced, enticed, and

25 coerced a person under 18 years of age, that is, Victim #1, to engage

26 in sexually explicit conduct, as defined in Title 18, United States

27 Code, Section 2256(2)(A), outside of the United States, its

28 territories, and possessions for the purpose of producing a visual

depiction of such conduct, and defendant FREDERICK intended such visual depiction to be transported to the United States by any means, including by using any means and facility of interstate and foreign commerce.

COUNT TWO

[18 U.S.C. § 2422(b)]

Beginning on a date unknown and continuing to at least July 10, 2020, in Los Angeles County, within the Central District of California, and the Philippines, defendant BILLY EDWARD FREDERICK, aka "a4sbill@gmail.com," aka "billme@gmail.com," used a facility and means of interstate and foreign commerce, namely, the Internet, Google Hangouts, and Google Chats, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is, Victim #1, whom defendant FREDERICK knew to be under 18 years old, to engage in sexual activity for which a person can be charged with a criminal offense, namely, Oral Copulation with a Minor, a violation of California Penal Code Section 287(b)(1); and Sodomy with a Minor, a violation of California Penal Code Section 286(b)(1).

1                           FORFEITURE ALLEGATION ONE

2                             [18 U.S.C. § 2253]

3       1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 2253, in the event of the defendant's

7  conviction of the offense set forth in Count One of this Information.

8       2.    The defendant, if so convicted, shall forfeit to the United

9  States of America the following property:

10          (a)  All right, title, and interest in any visual depiction

11  involved in such offense, or any book, magazine, periodical, film

12  videotape, or other matter which contains any such visual depiction,

13  which was produced, transported, mailed, shipped or received and

14  involved in such offense;

15          (b)  All right, title, and interest in any property, real

16  or personal, constituting or traceable to gross profits or other

17  proceeds obtained from such offense;

18          (c)  All right, title, and interest in any property, real

19  or personal, used or intended to be used to commit or to promote the

20  commission of such offense or any property traceable to such

21  property; and

22          (d)  To the extent such property is not available for

23  forfeiture, a sum of money equal to the total value of the property

24  described in subparagraphs (a), (b), and (c).

25       3.    Pursuant to Title 21, United States Code, Section 853(p),

26  as incorporated by Title 18, United States Code, Section 2253(b), the

27  defendant, if so convicted, shall forfeit substitute property, up to

28  the total value of the property described in the preceding paragraph

                                    4

if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                    FORFEITURE ALLEGATION TWO

2                      [18 U.S.C. § 2428]

3        1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 2428, in the event of the defendant's

7   conviction of the offense set forth in Count Two of this Information.

8        2.   The defendant, if so convicted, shall forfeit to the United

9   States of America the following property:

10            (a)  All right, title, and interest in any property, real

11  or personal, that was used or intended to be used to commit or to

12  facilitate the commission of such offense;

13            (b)  All right, title, and interest in any property, real

14  or personal, constituting or derived from any proceeds obtained

15  directly or indirectly from such offense; and

16            (c)  To the extent such property is not available for

17  forfeiture, a sum of money equal to the total value of the property

18  described in subparagraphs (a) and (b).

19       3.   Pursuant to Title 21, United States Code, Section 853(p),

20  as incorporated by Title 18 Section 2428(b)(2), the defendant, if so

21  convicted, shall forfeit substitute property, up to the total value

22  of the property described in the preceding paragraph if, as the

23  result of any act or omission of the defendant, the property

24  described in the preceding paragraph, or any portion thereof: (a)

25  cannot be located upon the exercise of due diligence; (b) has been

26  transferred, sold to or deposited with a third party; (c) has been

27  placed beyond the jurisdiction of the court; (d) has been

28  //

                                  6

1  substantially diminished in value; or (e) has been commingled with
2  other property that cannot be divided without difficulty.

3

4                                    TRACY L. WILKISON
                                     Acting United States Attorney
5

6

7                                    SCOTT M. GARRINGER
                                     Assistant United States Attorney
8                                    Chief, Criminal Division

9                                    JOANNA CURTIS
                                     Assistant United States Attorney
10                                   Chief, Violent & Organized Crime
                                     Section
11

12                                   JEFFREY M. CHEMERINSKY
                                     Assistant United States Attorney
                                     Deputy Chief, Violent & Organized
13                                   Crime Section

14                                   KATHY YU
                                     Assistant United States Attorney
15                                   Violent & Organized Crime Section

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      7