KARINE BASMADJIAN, Esq. (SBN 170709)
**BASMADJIAN LAW GROUP, APC**
520 East Wilson Ave. Ste. 220
Glendale, CA 91206
Telephone: (818) 500-3921
Fax: (818) 500-3936
Email: KarineBLaw@gmail.com

Attorney for Defendant
Billy Edward Frederick

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>BILLY EDWARD FREDERICK,<br>        Defendant | Case No.: 2:21-cr-00340-DSF<br><br>DEFENDANT BILLY FREDERICK'S RESPONSE TO GOVERNMENT'S SENTENCING POSITION<br>SENTENCING DATE: OCTOBER 24, 2022<br>SENTENCING TIME: 09:00 A.M.<br>THE HONORABLE DALE S. FISCHER |

    Defendant Billy Frederick by and through his attorney of record, Karine Basmadjian, hereby submits his reply to the Government's Sentencing Position pursuant to Federal Rule of Criminal Procedure 32, setting forth the factors the Court should consider in determining what type of sentence is "sufficient but not greater than necessary" to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

    For the reasons set forth in the attached memorandum, Mr. Frederick respectfully requests that the Court impose a sentence of the mandatory minimum in Count 1, concurrent with Count 2,

along with such other specified terms and conditions that the Court deems just and proper to achieve sentencing objectives. The requested sentence would be "sufficient but not greater than necessary to achieve the purposes of sentencing.

DATED:  October 3, 2022

Respectfully submitted,

/s/ *Karine Basmadjian*

_____
Karine Basmadjian
Attorney for Defendant,
Billy Frederick

**TABLE OF CONTENTS**

I. INTRODUCTION                                                          4

II. DISCUSSION                                                           4

A. *Guideline Calculations*                                              4

B. *The Victims Themselves Contacted Mr. Frederick*                      4

C. *Sentence of Life Imprisonment Is Not Warranted*                      5

D. *The use of word "Master" and Financial Superiority Are Not Aggravating Factors*   5

E. *Disparity of Sentence*                                               6

III. CONCLUSION                                                          7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Mr. Frederick respectfully disagrees with the Government's Sentencing Position in several aspects, as discussed below. Additionally, Mr. Frederick hereby asks this Court to consider disparity of sentences in such similar cases, an example of which was provided in the Defendant's Sentencing Memorandum but is not limited to only that specific case.

## II.
## DISCUSSION

*A. Guideline Calculations*

Since the Government concurred with the Guideline calculations in the PSR, the Defendant's arguments against the guidelines in his initial Sentencing Memorandum are the same as there would be in response to the Government's Sentencing Position.

*B. The Victims Themselves Contacted Mr. Frederick*

In citing Mr. Frederick's admission of guilt and of the main factual aspects of the offenses in this case, the Government's Sentencing Position leaves out an important fact,

that with most or all of the alleged victims, the victims were the ones that made contact with Mr. Frederick, as opposed to Mr. Frederick actively trying to find them.

*C. Sentence of Life Imprisonment Is Not Warranted*

A punishment by a life sentence in a case where there is no physical contact with the minor victims, the lack of any mass distribution, as well as lack of any other financial gain other than the satisfaction of his own psychological issues, would be an unjust, cruel and unusual punishment.

*D. The use of word "Master" and Financial Superiority Are Not Aggravating Factors*

The Government, in its Sentencing Position, on page 9, argues that one of the aggravating factors is the use of the word "master" by the victims, as well as Mr. Frederick's flouting of his superior financial position. There is no evidence to show that Mr. Frederick made a request for his victims to use the word "master", but rather that was reference made directly by the victims. That reference could have simply meant a sign of respect to Mr. Frederick in the inter-cultural communication in English between Mr. Frederick and his victims. Additionally, Government argues the superior financial ability of Mr. Frederick, citing his salary of $97,000, which is basically a very moderate income and is barely enough to sustain

an average lifestyle in the United States. Neither of the above are evidence of aggravating circumstances.

### E. Disparity of Sentence

In considering a sentence that is "sufficient but not greater than necessary to achieve the purposes of sentencing", it is important that the Court consider possible disparity of sentences in such similar cases.  It is not only just and proper to consider all factors in a case, such as the circumstances of offense, character of the offender, admission of guilt and any such possible factors, but also to consider how such offenders were sentenced in similar cases, to avoid disparity in their sentences.  In this regard, Mr. Frederick provided one example of a higher-publicity defendant in USA v. Ghislaine Maxwell in his initial Sentencing Memorandum.  The said defendant was found guilty in a jury trial and convicted of conspiracy to entice minors to travel to engage in illegal sex acts, conspiracy to transport minors to participate in illegal sex acts, transporting a minor to participate in illegal sex acts, sex trafficking conspiracy, and sex trafficking of a minor, spanning over a decade of criminal activity, and all being more violent and damaging in nature, than the charges pled to by Mr. Frederick.  In contrast, Mr. Frederick took full responsibility immediately. There is a huge disparity between the recommendations of life imprisonment in the PSR as well as by the Government to Ms. Maxwell's sentence of only 240 months in prison.  Although these are different jurisdictions, for the

6
DEFENDANT'S SENTENCING POSITION

purposes of sentencing, such cases, especially a case of such magnitude should be taken into consideration.

Moreover, even a sentence of 180 months proposed by Mr. Frederick can potentially and practically be a life sentence, given Mr. Frederick's age of 52, as well as his health condition.  Anything greater than that would be greater than necessary to achieve the purposes of sentencing.

### III.

### CONCLUSION

A life sentence is not warranted in this situation as it is simply cruel and unusual punishment given the fact that he had zero physical contact with his victims and that he was always directly contacted by these victims' handlers (in some cases even their own mothers) for financial gain, triggering his psychological predisposition to pornography due to his own childhood sex trauma. There is no evidence of Mr. Frederick going out there and tracking his victims down.  Mr. Frederick has fully cooperated, has expressed sincere remorse for his actions and has admitted responsibility, agreed to and will pay restitution prior to his sentencing, has a low likelihood of recidivism and does not pose a danger to society, is working to heal from the trauma and psychological disorders that affected his choices, and has led an otherwise law-abiding life.

Accordingly, he respectfully submits that the court should sentence him to 180 months in prison on Count 1, to run concurrent with Count 2, followed by supervised released any such other terms that the Court may deem just and proper.

DATED: October 3, 2022

Respectfully submitted,

/s/ *Karine Basmadjian*
_____
Karine Basmadjian
Attorney for Defendant,
BILLY EDWARD FREDERICK